Staples, J.,
delivered the opinion of the court.
This is an action of debt brought in the circuit court of Richmond city on a bond executed by Joseph M. Sheppard on the 8th January, 1856, to Raney Colley, the plaintiff’, intestate. The declaration avers that the bond having been lost by accident the plaintiff cannot produce the same in court. The defendant pleaded payment, and he also tendered three special pleas in writing, to the filing of- which the plaintiff objected. The court sustained the objection to the first plea, and overruled it as to the second and third pleas. And thereupon the plaintiff replied generally *316 to the special pleas and to the plea of payment. The special pleas allege in substance that the bond was not - lost or destroyed by accident, but was destroyed by the obligee in her lifetime with the intention and for the purpose of releasing the defendant from the payment of the debt; and the defendant was thereby released and discharged from the obligation and from the payment of the debt therein mentioned. After • the jury ivas sworn, and the plaintiff had introduced his first witness, the counsel for the defendant stated they would insist that the original existence of the bond and its loss should be established to the satisfaction of the court before secondary evidence of its contents could be offered to the jury. This being understood, the examination of the witnesses was proceeded with, subject to the right of the defendant- to move to exclude the evidence from the jury.
After the testimony was concluded on both sides the defendant submitted his motion to exclude the evidence, upon the ground that it was not sufficient to establish the loss of the bond, so as to enable the plaintiff to introduce secondary evidence of its contents. This motion was sustained by the court, and the evidence excluded; to which the plaintiff excepted. And thereupon the jury rendered a verdict for the defendant.
The only question we have to consider is whether the court erred in this ruling. It may be well to premise that at common law, when an action is brought upon a bond or other writing obligatory, the plaintiff is required to make profert of the instrument; that is, to bring it into court. The object of the profert is to enable the court to inspect the writing and to see that it is a good deed, and to put it in the power of the defendant to examine it, and that he may see if it be really his deed, and plead non est factum if it is not. *317 If, liowever, the bond’ has been lost or destroyed by accident, or by the defendant himself, or be in his possession, and the fact be set forth in the declaration, it will be a good excuse for not making profert. When the plaintiff alleges the loss of the instrument, he is required to give some evidence that the paper once existed, and that a bona fide and diligent search has been unsuccessfully made for it in the place where it was most likely to be found, if the nature of the case admits of such proof. The object of the proof is merely to establish a reasonable presumption of the loss of the instrument; and this is a preliminary enquiry addressed to the discretion of the court, and not to the jury. This rule is founded on the idea that the writing itself is the best evidence of the agreement of the parties; and if one of them be permitted to hold back the original when he could produce it, and substitute for it secondary evidence, the door would be opened not merely to mistakes, but to the grossest frauds. G-reenl. on Evidence, § 558. It is, however, obvious that the parties may, by their form of pleading, not only dispense with all proof of the existence and contents of the instrument, but they may supersede the necessity of adducing the preliminary proof of its loss, usually required in such cases. Every pleading is taken to confess such traversable matter on the other side as it does not deny. The plea of release, or payment, admits the execution of the deed, as set forth in the declaration, and concludes the party from denying and the jury from finding against the fact. Stephen on Plead. 90, 207; 2 Tucker Com. 212. The plea of release, or payment, is therefore a plea in confession and avoidance. It confesses the original cause of action, as charged in the declaration, and relies upon affirmative matter in avoidance. In the case before us, the special pleas *318 already mentioned admit the bond as decribed in the declaration, and they set up a release of the debt by a destruction of the instrument by the obligee. Both pleas conclude with a verification and a pi’ayer of judgment. The plaintiff replies generally, putting himself on the country, and the defendant adds the similiter. Pleas of this sort are necessarily in confession and avoidance. They put the onus probandi upon the defendant, and they give, him the right to open and conclude. Young v. Highland, 9 Gratt. 16. The same thing is true with reference to the plea of payment.
It is very true that the special pleas also contain a denial of the loss of the bond, but we do not understand the defendant thereby intends to insist that the bond was in existence when the suit was brought, or the plea pleaded, and to raise a distinct issue upon that point. What he means is to affirm the destruction of the instrument by the act of the obligee, as distinguished from its loss or destruction by accident. If this is not a correct construction of the pleas—if they are to be construed as denying the loss of the bond, and thereby, in effect, affirming it is in existence—they are inconsistent with themselves, for the gravamen of the defence is the destruction of the bond.. We have hero then a case in which both parties arc agreed as to the contents of the bond; both admit it no longer in existence, and the utter impossibility of producing it; and yet the court excludes all the evidence relating to the bond, because the proof of loss is not sufficient to let in evidence of its contents. Secondary evidence is rejected in this class of cases upon the idea that the writing is in the possession of the party claiming under it, or within his control, and may be purposely withheld. But surely no such presumption can arise when both parties assume that the paper is no longer in existence. Ordinarily the *319 plaintiff must show that he has made bona fide and diligent search for the instrument. But it is difficult to see of what advantage the most diligent search can be when the defendant himself admits the destruction of the bond and bases his claim to a disharge upon that very ground.
It will be understood, of course, that what has been already said has reference to the issues joined, and to the case as it was presented to the circuit court when the motion was made to exclude the evidence. Ho evidence had been offered upon the plea of payment. There was no pretence of any payment, and it is apparent that plea had been filed merely as a matter of form. The real and only matter of controversy was whether the obligor had been released from the payment of the debt in the manner claimed in the two special pleas, and this the defendant averred he was ready to veiify.
But if we are mistaken altogether in the view presented, if the pleas are to be construed as negativing the loss of the bond, and as presenting a distinct issue upon that point, and thereby imposing upon the plaintiff the onus of showing the loss, then the question was one for the jury and not for. the court. When the plaintiff alleges the loss or destruction of the bond by accident, it is merely an excuse for the omission to produce it in court, and to enable him to prove its contents; and, as already stated, this is a matter for the determination of the court. But the defendant may, if he pleases, by plea controvert the loss of the bond, and he may traverse the excuse for the omission of a profert. The counsel for the defendant have themselves produced the authorities for this, some of which may be found in 1 Chitty on Plead. 379, and note; Poreh v. Cresswell, 14 Eng. Law & Equity R. 385; South Paddock v. Higgins, 2 Root R. 482.
*320 Whether a plea of this sort is a plea in bar or in abatement, is a question not free from difficulty. The point does not arise in this case, and .we need not answer it. A traverse necessarily involves an issue of fact to be tried by a jury, as any other issue in the case. The testimony adduced by the plaintiff bore directly upon the question of the loss of the instrument, and whether it was sufficient for the purpose was a question to be determined by the jury, and not by the court. Upon the most familiar principles the weight of the evidence is a matter for the jury exclusively. When, therefore, the circuit court excluded all the evidence upon the ground stated, it violated this principle and invaded the province of the jury.
But discarding this view entirely, we are of opinion that a sufficient foundation was laid to warrant the court in receiving secondary evidence of the contents of the bond. It was in proof that Mrs. Colley died in the year 1857. This suit was brought in 1860 by her administrator, and was tried in 1873—sixteen years after the death of the obligee. During all this time the bond has been missing. The administrator, who was examined as a witness, did not find it among the papers of his intestate; he has never seen it or had it in his possession. It seems that Mrs. Colley died at the house of Andrew MeDonell, where she had resided a short time. MeDonell was dead when the case was tried. It was proved, however, he had possession of some of her papers; whether the bond was among them it is not material for us now to enquire. He certainly made a careful search for the missing paper in his house after the death of Mrs. Colley, and failed to find any trace of it. In addition to this evidence, every person with whom this lady lived, or who had ever had possession of her papers, was examined as a witness, with the exception of a *321 Mrs. Frazer; and it appeared that none of them could give any information of the bond. So far as Mrs. Frazer is concerned, the circumstances detailed by the witnesses exclude the idea that she could throw any light on the subject.
It must be borne in mind that the party setting up the instrument is only bound to establish a reasonable presumption of its loss. When a person with whom the obligee has lived and died, after a careful search, has been unable to find any trace of the paper—wheu the administrator, the legal and proper custodian, has never seen it, and can give no account after exhausting all the sources of information accessible to him, and when sixteen years have elapsed since the death of the obligee, and the bond is still missing, it may be fairly presumed that it is not in existence. In practice, when there is no ground of suspicion' that the paper is intentionally suppressed, nor any disecrnable motive for deception, the courts are extremely liberal in regard to secondary evidence. The rule must be so applied as to promote tiie ends of justice and guard against fraud and imposition. If the circumstances justify a well-grounded belief that the original paper is kept back by design, no secondary evidence ought to be admitted ; but where no such suspicion attaches, and the paper is of that description that no doubt can arise as to the proof of its contents, there can be no danger in admitting secondary evidence. This is the rule laid down in Cowen & Hill’s notes to 4 Phillips on Evidence, 1223, and approved by this court in Corbett v. Nutt, 18 Gratt. 624.
Here there can be no possible doubt of the contents of the paper; and so far from there being any suggestion that it is in existence and kept back by design, the defendant himself claims that the bond has been destroyed. In every view that may be taken the court *322 erred in excluding the evidence. The whole question was whether the bond had been lost or accidentally destroyed, or intentionally destroyed by Mrs. Colley, with a view of discharging the obligor from the payment of the debt. The evidence adduced on both sides bore directly on this point, and was peculiarly proper for the consideration of the jury. By the form of the pleadings the onus was upon the defendant of showing the release claimed by him; and that was to be done by proof of the destruction of the bond by the obligee; and upon this issue he had the right to open and conclude. Young v. Highland, 9 Gratt. 16.
With respect to the first special plea in writing tendered by the defendant, no exception was taken to the action of the court rejecting it. That plea is, therefore, no part of the record; and we are not at liberty to consider it; Toneray v. White, 9 Leigh, 347.
Upon the whole, we are of opinion to reverse the judgment of the circuit court, to set aside the verdict, and grant the plaintiff a new trial.
The judgment was as follows:
The court is of opinion, for reasons stated in writing and filed with the record, that the circuit court erred in excluding from the jury the evidence set out iu the exceptions of the plaintiff in error. Wherefore, for the error aforesaid, &c. And this court, proceeding to render such judgment as the said circuit court ought to have rendered, it is considered by the court that the judgment of the said circuit court be reversed and annulled, the verdict set aside, and a new trial awarded the plaintiff in’error.
Judgment reversed.